Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
Christopher B. Ghio (State Bar No. 259094)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com
christopher.ghio@dinsmore.com

Tyler Powell (Ky. Bar No. 90520 – Admitted pro hac vice)
**DINSMORE & SHOHL, LLP**
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: 859-425-1056
Facsimile: 859-425-1099
tyler.powell@dinsmore.com

Special Counsel to Richard A. Marshack,
Trustee of the LPG Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor.<br><br>———<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Oxford Knox, LLC, a Delaware limited liability company; Buffalo 21 Partners, Inc., a Wyoming corporation; Rick Emmett, individually; Ryan Taylor Connet, individually; Obrik, Inc., a Wyoming corporation; Albright, Inc., a Florida corporation; Jason Dovalina, individually; Rachel Dovalina, individually; Final Season, Inc., a California corporation; Factor In, Inc., a California corporation; Syed Faisal Gilani aka Sye Gilani, individually; BAE Enterprises, Inc., a Wyoming corporation; Rose Bianca Loli, individually; Decacorn Holdings, Inc., a California limited liability company; Samson Ly, | Chapter 11<br><br>Case No: 8:23-bk-10571-SC<br>Adv. Proc. No. 8:25-ap-_____-SC<br><br>**NOTICE OF REQUIRED COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 7026-1 OF THE LOCAL BANKRUPTCY RULES**<br><br>Dept. 5C<br>Honorable Scott C. Clarkson |

1

individually; BEW Solar Management, LLC, a California limited liability company; Sean Stephens, individually; Lexicon Consulting, LLC, a California corporation; Daniel Lansdale, individually; United Partnerships, LLC, a California corporation; Ventura Consulting, LLC, a Nevada limited liability; Matthew Church, individually; Frank Brown, individually; Validation, Partners LLC, a Florida limited liability company; Innovative Solutions, LLC, a Wyoming corporation; MRJR20 Partners, LLC, a California limited liability company; MFCR, Investments, LLC, a Florida limited liability company; Lifesize, Inc., a Wyoming corporation.; Karrington, Inc., a Wyoming corporation; Spectrum Payment Solutions, LLC, a California limited liability company; Jason D. Williams, individually; Home Energy Solutions, Inc., a California corporation; The Coelho Irrevocable Life Insurance Trust, a California trust; JNR Services, Inc., a California corporation; C.A.T. Exteriors, Inc., an Arizona corporation; AZLS Enterprises, Inc, a California corporation; A Solution Debt Relief, Inc., a Wyoming corporation and INVESTLINC Wealth Services, Inc., a California corporation,

Defendants.

**TO ALL DEFENDANTS:**

PLEASE TAKE NOTICE that the parties in the above-captioned adversary proceeding are required to comply with Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 7026-1 of the Local Bankruptcy Rules for the Central District of California. A true and correct copy of Rule 7026 of the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit 1. A true and correct copy of Rule 7026-1 of the Local Bankruptcy Rules for the Central District of California is attached hereto as Exhibit 2.

DATED: March 19, 2025

DINSMORE AND SHOHL LLP

By: */s/ Tyler Powell*
    Yosina M. Lissebeck
    Tyler Powell (*admitted pro hac vice*)
Special Counsel to Richard A. Marshack, Trustee of the LPG Liquidation Trust

# EXHIBIT 1

Exhibit 1
Page 3

## USCS Fed Rules Civ Proc R 26, Part 1 of 5

Current through changes received through December 20, 2024.

*USCS Federal Rules Annotated > Federal Rules of Civil Procedure > Title V. Disclosures and Discovery*

## Rule 26. Duty to Disclose; General Provisions Governing Discovery

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(B)** Proceedings Exempt from Initial Disclosure. The following proceedings are exempt from initial disclosure:

**(i)** an action for review on an administrative record;

**(ii)** a forfeiture action in rem arising from a federal statute;

**(iii)** a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

**(iv)** an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

**(v)** an action to enforce or quash an administrative summons or subpoena;

**(vi)** an action by the United States to recover benefit payments;

**(vii)** an action by the United States to collect on a student loan guaranteed by the United States;

**(viii)** a proceeding ancillary to a proceeding in another court; and

**(ix)** an action to enforce an arbitration award.

**(C)** Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)** Time for Initial Disclosures—For Parties Served or Joined Later. A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)** Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

**(A)** In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702*, 703, or 705.

**(B)** Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the facts or data considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under *Federal Rule of Evidence 702*, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

Exhibit 1
Page 5

**(3)** *Pretrial Disclosures.*

**(A)** In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

**(i)** the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** Time for Pretrial Disclosures; Objections. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under *Federal Rule of Evidence 402* or *403*—is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

Exhibit 1
Page 6

      **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)** *Trial Preparation: Materials.*

  **(A)** Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

      **(i)** they are otherwise discoverable under Rule 26(b)(1); and

      **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

  **(B)** Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

  **(C)** Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

      **(i)** a written statement that the person has signed or otherwise adopted or approved; or

      **(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.*

  **(A)** Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

  **(B)** Trial-Preparation Protection for Draft Reports or Disclosures. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

  **(C)** Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

      **(i)** relate to compensation for the expert's study or testimony;

      **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

      **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

  **(D)** Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

      **(i)** as provided in Rule 35(b); or

      **(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Exhibit 1
Page 7

**(E)** Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:

**(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

**(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

**(A)** Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)** Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**(c) Protective Orders.**

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

Exhibit 1
Page 8

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

**(d) Timing and Sequence of Discovery.**

**(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)** *Early Rule 34 Requests.*

**(A)** Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)** to that party by any other party, and

**(ii)** by that party to any plaintiff or to any other party that has been served.

**(B)** When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.

**(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

**(2)** *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

**(1)** *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b).

**(2)** *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

**(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

**(A)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

Exhibit 1

Page 9

**(B)**  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**(C)**  any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**(D)**  any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**(E)**  what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(F)**  any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(4)** *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

**(A)**  require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

**(B)**  require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

**(1)** *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)**  with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)**  with respect to a discovery request, response, or objection, it is:

**(i)**  consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)**  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)**  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)** *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

# History

Amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; March 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Apr. 28, 1983, eff. Aug. 1, 1983; March 2, 1987,

Exhibit 1
Page 10

eff. Aug. 1, 1987; Dec. 1, 1993; Dec. 1, 2000; Dec. 1, 2006; Dec. 1, 2007; April 28, 2010, eff. Dec. 1, 2010; April 29, 2015, eff. Dec. 1, 2015.

Exhibit 1
Page 11

# EXHIBIT 2

Exhibit 2
Page 12

  (2) <u>Other Parties</u>.  Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

**(f)** **<u>Sanctions for Failure to Comply with Rule</u>.**  In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

  (1) A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

  (2) Entry of a pretrial order based conforming party's proposed description of the facts and law;

  (3) An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

  (4) An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

**(g)** **<u>Failure to Appear at Hearing or Prepare for Trial</u>.**  The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

**LBR 7026-1.  DISCOVERY**

**(a)** **<u>General</u>.**  Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

  (1) <u>Notice</u>.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

  (2) <u>Proof of Service</u>.  The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

**(b)** **<u>Discovery Conference and Disclosures</u>.**

  (1) <u>Conference of Parties</u>. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.  Unless otherwise ordered, the initial status conference

LBR 7026-1

constitutes the "scheduling conference" referred to in FRCP 26(f)(1) (incorporated by FRBP 7026).

(2) <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c)** **<u>Failure to Make Disclosures or Cooperate in Discovery</u>.**

(1) <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) <u>Meeting of Parties</u>. Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) <u>Moving Papers</u>. If the parties are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

(A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) <u>Cooperation of Parties; Sanctions</u>. The failure of any party either to cooperate in this procedure, to attend the meeting of parties, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

**LBR 7026-2. <u>DISCOVERY DOCUMENTS – RETENTION, FILING, AND COPIES</u>**

**(a)** **<u>Retention by Propounding Party</u>.** The following discovery documents and proof of service thereof must not be filed with the clerk until there is a proceeding in which the document or proof of service is in issue:

(1) Transcripts of depositions upon oral examination;
(2) Transcripts of depositions upon written questions;
(3) Interrogatories;
(4) Answers or objections to interrogatories;
(5) Requests for the production of documents or to inspect tangible things;
(6) Responses or objections to requests for the production of documents or to inspect tangible things;
(7) Requests for admission;
(8) Responses or objections to requests for admission;
(9) Notices of Deposition, unless filing is required in order to obtain issuance of a subpoena in another district; and
(10) Subpoena or Subpoena Duces Tecum.

**(b)** **<u>Period of Retention for Discovery Documents</u>.** Discovery documents must be held by the attorney for the propounding party pending use pursuant to this rule for the period specified in LBR 9070-1(b) for the retention of exhibits, unless otherwise ordered by the court.

**(c)** **<u>Filing of Discovery Documents</u>.**

(1) When required in a proceeding, only that part of the document that is in issue must be filed with the court.

(2) When filed, discovery documents must be submitted with a notice of filing that identifies the date, time, and place of the hearing or trial in which it is to be offered.

(3) Original deposition transcripts are treated as trial exhibits and must be delivered to the judge for use at the hearing or trial. The original deposition transcript and a copy must be lodged with the clerk pursuant to LBR 7030-1(b).

**(d)** **<u>Copies of Discovery Documents</u>.**

(1) Unless an applicable protective order otherwise provides, any entity may obtain a copy of any discovery document described in subsection (a) of this rule by making a written request therefor to the clerk and paying duplication costs.