Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Defendant Bianca Loli

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| *In re*<br><br>THE LITIGATION PRACTICE GROUP, PC,<br><br>Debtor | Case No. 8:23-bk-10571-SC<br><br>Adv. No.: 8:25-ap-01208-SC<br><br>Chapter 11 |
| RICHARD A. MARSHACK,<br>Trustee of the LPG Liquidation Trust,<br><br>Plaintiff(s),<br><br>v.<br><br>Oxford Knox, LLC, a Delaware limited liability company; Buffalo 21 Partners, Inc., a Wyoming corporation; Rick Emmett, individually; Ryan Taylor Connet, individually; Obrik, Inc., a Wyoming corporation; Albright, Inc., a Florida corporation; Jason Dovalina, individually; Rachel Dovalina, individually; Final Season, Inc., a California corporation.; Factor In, Inc., a California corporation; Syed Faisal Gilani AKA Sye Gilani,individually; BAE Enterprises, Inc., a Wyoming corporation; Rose Bianca Loli, individually; Decacorn Holdings, Inc., a California limited liability company; Samson Ly, individually; BEW Solar Management, LLC, a California limited liability company; Sean Stephens, individually; Lexicon Consulting, LLC, a California corporation; Daniel Lansdale, | **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY PROCEEDING AND AMENDED COMPLAINT**<br><br>Date: July 17, 2025<br>Time: 1:30 p.m<br>Place: Via ZoomGov |

i

1 | individually; United Partnerships, LLC, a California corporation; Ventura Consulting,
2 | LLC, a Nevada limited liability; Matthew Church, individually; Frank Brown,
3 | individually; Validation LLC, a California limited liability company; Innovative
4 | Solutions, LLC, a Wyoming corporation; MRJR20 Partners, LLC, a California limited
5 | liability company; MFCR, Investments, LLC, a Florida limited liability company; Lifesize,
6 | Inc, a Wyoming corporation.; Karrington, Inc., a Wyoming corporation; Spectrum
7 | Payment Solutions, LLC, a California limited liability company; Jason D. Williams,
8 | individually; Home Energy Solutions, Inc., a California corporation; The Coelho
9 | Irrevocable Life Insurance Trust, a California trust; JNR Services, Inc., a California
10 | corporation; C.A.T. Exteriors, Inc., an Arizona corporation; AZLS Enterprises, Inc,
11 | a California corporation; A Solution Debt Relief, Inc., a Wyoming corporation and
12 | INVESTLINC Wealth Services, Inc., a California corporation

Defendant(s)

## NOTICE

**TO THE HONORABLE SCOTT CLARKSON, TO THE PLAINTIFF, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Rosa Bianca Loli ("**Defendant**" or "**Loli**"), defendant in the above-captioned adversary proceed, hereby respectfully moves this Court for an order dismissing this adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6).

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the attached Memorandum of Points and Authorities, all other matters of which this Court may properly take judicial notice, and such further evidence and argument that may be presented to the Court at or before a hearing on this matter.

**PLEASE TAKE FURTHER NOTICE** that the hearing to approve this Motion will be held on July 17, 2025 at 1:30 p.m. before the Honorable Scott C. Clarkson by video appearance using ZoomGov.

**PLEASE TAKE FURTHER NOTICE THAT**, unless otherwise ordered by the Court, and pursuant to this Court's "Notice Re Video And Telephonic Appearance Procedures", video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf.ciao.cacb.uscourts.gov/CiaoPosted/default.aspx, and then selecting "Judge Clarkson" from the tab on the left-hand side of the page.

As noted above, hearing participants may view and/or listen to hearings before Judge Clarkson using ZoomGov free of charge. Individuals may appear by ZoomGov video and audio using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device (such as an iPhone). Individuals may participate by ZoomGov audio only using a telephone (standard telephone charges may apply). Neither a Zoom nor a ZoomGov account are necessary to participate, and no pre-registration is required. The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. Members of the general public, however, may only view the hearings from the Courtroom, which will remain open.

MOTION TO DISMISS ADVERSARY PROCEEDING

1    **PLEASE TAKE FURTHER NOTICE** that per Local Bankruptcy Rule (LBR) 9013-

2    1(f), any party objecting to the relief sought in the Motion must file written objections with

3    the Bankruptcy Court and must serve such objections upon counsel listed above and the

4    Office of the United States Trustee not later than 14 days before the date set for hearing.

5    Failure to file and serve a timely written opposition may be deemed to constitute consent

6    to the relief requested in the Motion, per LBR 9013-1(h).

7        **WHEREFORE**, the Defendant respectfully requests this Court to enter an order:

8            1.    Granting this Motion in its entirety;

9            2.    Dismiss this adversary with prejudice;

10           3.    Granting such other and further relief as the Court deems just and

11    proper.

12    Date: May 7, 2025

13                            LESLIE COHEN LAW PC

14

15
                            By    */s/ Leslie A. Cohen*
16                                    Leslie A. Cohen
17                                    Attorneys for Defendant

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS ADVERSARY PROCEEDING

1

## MOTION

2      Rosa Bianca Loli ("**Defendant**" or "**Loli**"), defendant in the above-captioned

3  adversary proceeding, hereby moves this Court for an order dismissing the adversary

4  proceeding, or at minimum, dismissing the each count in the *Amended Complaint*

5  ("**Complaint**") [Docket No. 4] filed by Richard A. Marshack, the Trustee of the LPG

6  Liquidated Trust (the "**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Estate**") of

7  Debtor The Litigation Practice Group, PC (the "**Debtor**" or "**LPG**") in the above-captioned

8  bankruptcy case ("**Bankruptcy Case**"), pursuant to Federal Rules of Civil Procedure

9  ("**FRCP**") 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules

10  of Bankruptcy Procedure ("**FRBP**"), as follows:

11                              **I.    INTRODUCTION**

12      The Complaint herein must be dismissed because it fails to make any factual

13  allegations whatsoever in support of the relief requested against Loli. Accordingly, Loli is

14  unable to respond to the Complaint, and there is no factual basis alleged for the relief

15  requested against her.    As such, and as detailed below, Loli respectfully requests

16  dismissal of the Complaint, with prejudice.

17                         **II.    PLAINTIFF'S ALLEGATIONS**

18      The sole factual assertions in the Complaint which relate to Loli are:

19  1)  "Defendant Rose Bianca Loli is, and at all material times represented that she

20       was, an individual residing in the state of California ("Loli")."  Complaint ¶ 30.

21  2)  Defendant Loli may be served by first class mail postage prepaid upon herself:

22       33741 Alcazar Drive, Dana Point, California 92629 or 1220 Ensenada Avenue,

23       Laguna Beach, California 92651." Complaint ¶ 31.

24      Although the Complaint contains over 10 pages of general and specific allegations

25  (Complaint ¶¶ 84-146), none of them name or relate to Loli. Accordingly, the Complaint is

26  devoid of a single factual allegation against Loli in support of the Complaint's claims.

27

28

1

### III.    LEGAL ARGUMENT

2    Federal Rule of Civil Procedure ("FRCP") 12(b)(6) provides in pertinent part, "the

3  following defenses may at the option of the pleader be made by motion: . . .(6) failure to

4  state a claim upon which relief can be granted . . . "  FRCP 12(b)(6).

5    While the Court, in deciding a motion to dismiss, must accept as true all material

6  allegations of a complaint and construe them in the light most favorable to the plaintiff,

7  N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986), it need not accept

8  conclusory allegations, unwarranted deductions or unreasonable inferences.  Western

9  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031,

10  102 S.Ct. 567, 70 L.Ed. 2d 474 (1981).  "[C]onclusory allegations of law and unwarranted

11  inferences" are insufficient.  Associated Gen'l Contractors v. Metro. Water Dist., 159 F.3d

12  1178, 1181 (9th Cir. 1998).  A complaint must state "evidentiary facts which, if true, will

13  prove [the claim]," Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008),

14  otherwise it will be dismissed.

15    "Factual allegations must be enough to raise a right to relief above the speculative

16  level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Supreme Court

17  expounded upon the Twombly standard, explaining that "[t]o survive a motion to dismiss,

18  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

19  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949,

20  (2009) (quoting Twombly, 550 U.S. at 570).  Where "the well-pleaded facts do not permit

21  the court to infer more than the mere possibility of misconduct, the complaint has alleged

22  – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679 (quoting FRCP

23  8(a)(2)).

24    Where a complaint pleads facts that are "merely consistent with" a defendant's

25  liability, it "stops short of the line between possibility and plausibility of 'entitlement to

26  relief.'"  Twombly, supra, at 557.  Further, "exceptions to discharge should be strictly

27  construed against an objecting creditor and in favor of the debtor."  Snoke v. Riso (*In re*

28  Riso), 978 F.2d 1151, 1154 (9th Cir. 1992).

1    Here, there are no factual underpinnings to support any of Plaintiff's claims as they

2  relate to the relief requested against Loli. Accordingly, the Plaintiff here has failed to meet

3  his burden of establishing a basis for the relief sought against Loli, and therefore, the

4  Complaint must be dismissed.

5  **A.    Plaintiff's First Claim To Avoid Preferential Transfers Must Be Dismissed**

6    Plaintiff's first claim seeks to avoid transfers made within 90 days before the

7  petition date under §547.  Complaint ¶¶ 147-157.   However, the Complaint is devoid of

8  any allegations which tie Loli to any transfers in any way, or which provide any basis for

9  requesting relief against Loli on the first claim, and there are no transfers to Loli reflected

10  in any of the exhibits referenced in this claim or attached to the Complaint.

11    Accordingly, the Complaint fails to establish facts sufficient to demonstrate any

12  ability obtain relief against Loli, and therefore, Plaintiff has failed to adequately plead the

13  claim, and it must be dismissed.

14  **B.    Plaintiff's Second Claim To Avoid Post-Petition Transfers Must Be Dismissed**

15    Plaintiff's second claim seeks to avoid post-petition transfers under §549.

16  Complaint ¶¶ 158-161.   However, the Complaint is devoid of any allegations which tie Loli

17  to any transfers in any way, or which provide any basis for requesting relief against Loli on

18  the second claim and there are no transfers to Loli reflected in any of the exhibits

19  referenced in this claim or attached to the Complaint.

20    Accordingly, the Complaint fails to establish facts sufficient to demonstrate any

21  ability to obtain relief against Loli, and therefore, Plaintiff has failed to adequately plead

22  the claim, and it must be dismissed.

23  **C.    Plaintiff's Third Claim To Avoid Debtor's Execution of Repayment Agreement**

24  **Must Be Dismissed**

25    Plaintiff's third claim seeks to avoid the Debtor's execution of a repayment

26  agreement with Oxford Knox under §548.  Complaint ¶¶ 162-168.   This claim does not

27  appear to relate to Loli in any way, and it must be dismissed.

28

MOTION TO DISMISS ADVERSARY PROCEEDING

**D.**      **Plaintiff's Fourth through Eighth Claims To Avoid Fraudulent Transfers Must Be Dismissed**

Plaintiff's fourth through eighth claims seek to avoid, recover and preserve fraudulent transfers, including those based on defendants Gilani and Dovalina's alleged use of an American Express card.  Complaint ¶¶ 169-242.  However, the Complaint fails to identify a single alleged transfer which was made to or by Loli at any time.  Indeed, the Complaint is devoid of any allegations which tie Loli to any alleged transfer in any way or which provide any basis for requesting relief against Loli on these claims, and there are no transfers to Loli reflected in any of the exhibits referenced in this claim or attached to the Complaint.

Accordingly, the Complaint fails to establish facts sufficient to demonstrate any ability or basis to obtain relief against Loli, and therefore, Plaintiff has failed to adequately plead these claims, and they must be dismissed.

**E.**      **Plaintiff's Ninth Claim Objecting to Claim No. 818 of Oxford Knox, LLC Must Be Dismissed**

Plaintiff's ninth claim objects to proof of claim no. 818 of Oxford Knox, LLC. Complaint ¶¶ 243-248.   This claim does not appear to relate to Loli in any way, and it must be dismissed.

### IV.     CONCLUSION

Based upon the foregoing, Loli respectfully submits that the Complaint is fatally flawed, and therefore both the Complaint and the Adversary Proceeding should be dismissed in their entirety, with prejudice.

Dated:  May 7, 2025              Respectfully submitted,

LESLIE COHEN LAW, PC


By:  /s/  Leslie A. Cohen
       Leslie A. Cohen
       Counsel for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY PROCEEDING AND AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___5/7/2025___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Tyler Powell    tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;wendy.yones@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov        ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___5/7/25___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Scott Clarkson**
**US Bankruptcy Court**
**411 West Fourth Street Suite 5130**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, SACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/7/25 | Bryn Everett | /s/ Bryn Everett |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**