| | |
|---|---|
| 1 | **GOLDEN GOODRICH LLP** |
| | David M. Goodrich, State Bar No. 208675 |
| 2 | dgoodrich@go2.law |
| | Anerio V. Altman, State Bar No. 228445 |
| 3 | aaltman@go2.law |
| | 3070 Bristol Street, Suite 640 |
| 4 | Costa Mesa, California 92626 |
| | Telephone:  714.966-1000 |
| 5 | Facsimile:  714.966-1002 |
| 6 | Attorneys for Defendants listed on Exhibit 1 |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| The Litigation Practice Group P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | Adv No. 8:25-ap-01208-SC |
| ——————————————————— | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE AS TO CERTAIN DEFENDANTS FOR FAILURE TO CORRECTLY NAME DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Richard A. Marshack, Trustee of the LPG Liquidation Trust, | |
| Plaintiff, | |
| v. | F.R.B.P. 7012(b)(5) |
| Oxford Knox, LLC, a Delaware limited liability company; Buffalo 21 Partners, Inc., a Wyoming corporation; Jason Dovalina, individually; Rachel Dovalina, individually; Syed Faisal Gilani aka Sye Gilani, individually; BAE Enterprises, Inc., a Wyoming corporation; Samson Ly, individually; BEW Solar Management, LLC, a California limited liability company; Lexicon Consulting, LLC, a Colorado Limited Liability Company; United Partnerships, LLC, a Florida Limited Liability Company; Ventura Consulting, LLC, a Nevada limited liability company; Matthew Church, individually; Frank Brown, individually; Validation, LLC, a terminated California limited liability company; Spectrum Payment Solutions, LLC, a California limited liability company; Home Energy Solutions, Inc., a California corporation;  JNR Services, Inc., a California corporation; C.A.T. Exteriors, Inc., an Arizona corporation; AZLS Enterprises, Inc, a California corporation; and INVESTLINC Wealth Services, Inc., a California corporation, | F.R.B.P. 7012(b)(6)<br><br>**[Filed contemporaneously with the Defendants' Request for Judicial Notice]**<br><br>**JUDGE**<br>Hon. Scott Clarkson<br><br>DATE:     October 1, 2025<br>TIME:      1:00 p.m.<br>PLACE:    Courtroom 5C/Via ZoomGov<br>              411 West Fourth Street<br>              Santa Ana, CA 92701 |
| Defendants. | |

1

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................... 4

II. BACKGROUND ....................................................................................................................... 4

III. ARGUMENT ............................................................................................................................. 7

    A. Standard for Dismissal of a Complaint ........................................................................ 7

    B. The Plaintiff Failed to Timely Service the Defendants Pursuant to F.R.C.P. 4(m) ................ 8

    C. The Plaintiff's Claims Against Defendants are Untimely ........................................... 9

        a. The Relation Back Doctrine Does Not Save the Untimely Claims ........................... 9

    D. Equitable Tolling Is Not Applicable ........................................................................... 12

IV. CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Case*, No. 8:23-bk-10571-SC ........................................................................................................... 1

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................ 7

*Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216 (C.D. Cal. 2012) ................. 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 7, 8

*Brown v. Electronic Arts, Inc.*, 724 F.3d 1235 (9th Cir. 2013) ..................................................... 8

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806 (9th Cir. 2010) ............................ 8

*General Guaranty Ins. Co. v. Parkerson*, 369 F.2d 821 (5th Cir. 1966) ..................................... 8

*In Re Braden*, 142 B.R. 317 (Bankr. E.D. Ark. 1992) ................................................................. 9

*Also In re Forester, Case No.:*, 2021 6:10-bk-16163-WJ (Bankr. C.D. Cal. 2021) .................... 9

*Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) ........................................................................ 10

516 U.S. 1051, 116 S. Ct. 718, 133 L. Ed. 2d 671 (1996) ........................................................... 10

*Brink v. First Credit Resources*, 57 F. Supp. 2d 848 (D. Ariz. 1999) ....................................... 10

*In re Greater Se. Cmty. Hosp. Corp. I*, 341 B.R. 91 (Bankr. D.D.C. 2006) ............................... 11

*In re Greater Se. Cmty. Hosp. Corp.*, 02250, No. 02-, 2006 WL 2083500 (Bankr. D.D.C. June 26, 2006) 11

*Krupski v. Costa Crociere S.*, 560 U.S. 538 (2010) ................................................................... 12

*Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 ..................................... 12

**Statutes**

11 U.S.C.
    § 546(a) ................................................................................................................................. 2, 4
    § 544 ......................................................................................................................................... 9
    § 547 ......................................................................................................................................... 9
    § 548 ......................................................................................................................................... 9
    § 550 ......................................................................................................................................... 9
    § 551 ......................................................................................................................................... 9
    § 544(b) .................................................................................................................................... 9
    § 546(a)(1)(A) .......................................................................................................................... 9
    § 548(a)(1) ................................................................................................................................ 9

California

California Civil Code § 3439.04(a)(1) ............................................................................ 9
California Civil Code § 3439.05 ..................................................................................... 9
California Civil Code § 3439.07 ..................................................................................... 9

28 U.S.C.
§ 1332(c)(1) ................................................................................................................... 9

**Federal Rules**

Fed. R. Bankr. P.
Rule 7012(b)(5) .............................................................................................................. 1
Rule 7012(b)(6) ........................................................................................................... 1, 2
Rule 7004 ....................................................................................................................... 9
Rule 7015(c) ................................................................................................................. 10

Fed. R. Civ. P.
Rule 4(m) ............................................................................................................... 4, 8, 9
Rule 12(b)(6) ........................................................................................................ 4, 7, 10
Rule 8 ............................................................................................................................. 7
Rule 8(a)(2) .................................................................................................................... 7
Rule 15(c) ............................................................................................................ 8, 9, 11
Rule 15 ......................................................................................................................... 10
Rule 15(a) .................................................................................................................... 10
Rule 15(c)(1) ................................................................................................................ 11

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on October 1, 2025, at 1:00 p.m., in Courtroom 5C of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California 92701, newly added defendants Lexicon Consulting, LLC, a Colorado limited liability company ("Lexicon"), United Partnerships, LLC, a Florida limited liability company ("U.P."), and Ventura Consulting, LLC, a Nevada limited liability company ("Ventura and with Lexicon and U.P., "Defendants"), will and hereby do move the Court for an order dismissing the Second Amended Complaint filed August 13, 2025 as Docket #30 ("SAC") filed by Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff"), and the claims asserted therein, pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) for failure to state a claim upon which relief can be granted.

The Defendants assert the SAC is barred by 11 U.S.C. §546(a) because the Defendants were added as new defendants on August 13, 2025 – well beyond the two-year deadline to file claims under Chapter 5 of Title 11 of the United States Code ("U.S.C.").

The Motion is based upon this Notice and Motion, the following memorandum of points and authorities, the accompanying Request for Judicial Notice, and all permissible evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that if you do not oppose the Motion, you need take no further action. If you object to the Motion, pursuant to Rule 9013-1 of the Local Bankruptcy Rules, any opposition must be filed with the Court no later than fourteen (14) days prior to the hearing on the Motion and must be served upon counsel for Defendants and the Office of the United States Trustee. Any failure to timely file and serve an opposition may result in a waiver of any such opposition and the court may enter an order granting the Motion without further notice.

1  Dated:  August 18, 2025                    GOLDEN GOODRICH LLP
2
3                                             By:   */s/ David M. Goodrich*
                                                    David M. Goodrich
4                                                   Anerio V. Altman
                                                    Attorneys for Defendants
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

4922-2751-4715.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendants seek an order dismissing the claims against the Defendants in the Complaint, with prejudice, because the claims are barred by the statute of limitations established under 11 U.S.C. §546(a). The Defendants were not named as defendants under August 13, 2025 and, therefore, were not timely served as required under F.R.C.P. 4(m). The Second Amended Complaint ("SAC") does not allege any facts that explain the tardiness of the inclusion of the Defendants as parties and the Plaintiff has not requested that he be excused from the service requirements under F.R.C.P. 4(m). Moreover, there are no facts alleged in the SAC that demonstrate the claims alleged in the SAC should relate back to the filing date of the original complaint. As a result, the Court should grant the Motion pursuant to F.R.C.P. 12(b)(6) and dismiss the claims in the Complaint against the Defendants pertaining to Chapter 5 of Title 11 of the U.S.C.

## II. BACKGROUND

On March 20, 2023, the Litigation Practice Group P.C. ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the U.S.C. *See* Exhibit 1 to the Defendants' Request for Judicial Notice ("RJN").

March 19, 2025 is two years after the Debtor's bankruptcy case was filed, and was the last day allowed for timely filing certain actions under 11 U.S.C. §546(a). See RJN.

On March 19, 2025, Plaintiff filed the original complaint ("Complaint") against multiple defendants, commencing the instant adversary proceeding and asserting causes of action for avoidance and recovery of transfers against various defendants. *See* Exhibit 2 to the RJN. The Complaint named the following entities and individuals as defendants:

Oxford Knox, LLC, a Delaware limited liability company;

Buffalo 21 Partners, Inc., a Wyoming corporation;

Rick Emmett, individually;

Ryan Taylor Connet, individually;

Obrik, Inc., a Wyoming corporation;

Albright, Inc., a Florida corporation;

4

4922-2751-4715.1

| | |
|---|---|
| 1 | Jason Dovalina, individually; |
| 2 | Rachel Dovalina, individually; |
| 3 | Final Season, Inc., a California corporation; |
| 4 | Factor In, Inc., a California corporation; |
| 5 | Syed Faisal Gilani aka Sye Gilani, individually; |
| 6 | BAE Enterprises, Inc., a Wyoming corporation; |
| 7 | Rose Bianca Loli, individually; |
| 8 | Decacorn Holdings, Inc., a California limited liability company; |
| 9 | Samson Ly, individually; |
| 10 | BEW Solar Management, LLC, a California limited liability company; |
| 11 | Sean Stephens, individually; |
| 12 | Lexicon Consulting, LLC, a California corporation; |
| 13 | Daniel Lansdale, individually; |
| 14 | United Partnerships, LLC, a California corporation; |
| 15 | Ventura Consulting, LLC, a Nevada limited liability; |
| 16 | Matthew Church, individually; |
| 17 | Frank Brown, individually; |
| 18 | Validation, LLC, a terminated California limited liability company; |
| 19 | Innovative Solutions, LLC, a Wyoming corporation; |
| 20 | MRJR20 Partners, LLC, a California limited liability company; |
| 21 | MFCR, Investments, LLC, a Florida limited liability company; |
| 22 | Lifesize, Inc., a Wyoming corporation.; |
| 23 | Karrington, Inc., a Wyoming corporation; |
| 24 | Spectrum Payment Solutions, LLC, a California limited liability company; |
| 25 | Jason D. Williams, individually; |
| 26 | Home Energy Solutions, Inc., a California corporation; |
| 27 | The Coelho Irrevocable Life Insurance Trust, a California trust; |
| 28 | JNR Services, Inc., a California corporation; |

5

4922-2751-4715.1

1        C.A.T. Exteriors, Inc., an Arizona corporation;

2        AZLS Enterprises, Inc, a California corporation;

3        A Solution Debt Relief, Inc., a Wyoming corporation; and

4        INVESTLINC Wealth Services, Inc., a California corporation.

*See* Exhibit 2 to the RJN.

On March 19, 2025, the same day the Complaint was filed, the Plaintiff filed a first Amended Complaint ("FAC") which named the same defendants that were named in the Complaint, except defendant Validation, Partners LLC, a Florida Limited Liability Company, was omitted as a defendant. *See* Exhibit 3 to the RJN.

On April 14, 2025, the Plaintiff filed an executed Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]. *See* Exhibit 4 to the RJN. According to Exhibit 4, the Plaintiff alleges to have served parties with copies of the Summons, Notice of Status Conference in Adversary Proceeding [LBR 7004-1], "Complaint," Order re: Early Meeting of Counsel, Status Conference Instructions and General Procedures, and Notice of Required Compliance with Rule 7026. *Id.* Exhibit 4 appears to relate to the service of the Complaint and not the FAC. There appears to be no proof of service of the FAC on any party, including all defendants in the instant proceeding. *See* Exhibit 5 to the RJN.

According Exhibit 4, United Partnerships Inc., a California corporation, was served at the address of: "United Partnerships, Inc. 7300 Lennox Avenue, Room J-14, Van Nuys, CA 91405." No officer was served with the summons and Complaint. S*ee* Exhibit 6 to the RJN.

According to Exhibit 4, no party baring the name "Lexicon" in any permutation was served at all. *Id.* [1]

On August 7, 2025, the Plaintiff and certain defendants stipulated to allow the Plaintiff to file a second amended complaint ("FAC Amendment Stipulation"). *See* Exhibit 7 to the RJN. Under the stipulation, the defendants were permitted to file a responsive pleading and assert affirmative defenses to the SAC. *Id*. Further, the defendants accepted service of process through their counsel. *Id.*

On August 13, 2025, the Plaintiff filed a Second Amended Complaint ("SAC") which named the

---

[1] Ventura Consulting is listed with the correct address, but with the wrong name.

6

4922-2751-4715.1

following defendants that were not previously named as defendants in the Complaint and FAC:

"Lexicon Consulting, LLC, a Colorado limited liability company." Previously the Complaint and FAC named a Lexicon Consulting, LLC, a *California* corporation;

"United Partnerships, LLC, a Florida limited liability company." Previously the Complaint and FAC named a United Partnerships, LLC, a *California* corporation;

"Ventura Consulting, LLC, a Nevada limited liability company." Previously the Complaint and FAC named Ventura Consulting, LLC, a Nevada limited liability.

*See* Exhibit 8 to the RJN.

The additional of the Defendants' correct legal name in the SAC was the first time the Defendants had been properly named in the suit. See Exhibits 2, 3 and 8 to the RJN.

### III. ARGUMENT

#### A. Standard for Dismissal of a Complaint

A complaint shall be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This occurs when a plaintiff's complaint fails to provide grounds for his or her entitlement to relief. Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-557 (2007). FRCP 8(a)(2) of the Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). To satisfy the requirement, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its facts." *Twombly*, *supra*, at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* If the well-pleaded factual allegations fail to make it more than just "possible" defendant is liable, then plaintiff has not shown entitlement to relief and the court should dismiss the complaint." *Iqbal*, *supra,* at 678-79; *Twombly*, *supra,* at 570; *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F.Supp.2d 1216, 1223-30 (C.D. Cal. 2012)

7

(dismissing fraudulent transfer claims for failure to plead facts showing the plausibility of each element).

While well-pleaded factual allegations are presumed to be true, this presumption does not apply to mere "labels and conclusion" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, *supra,* at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Further, a court "is not . . . required to accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013) (internal citation and quotation marks omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal citation and quotations omitted).

When it appears that no amendment to a complaint could cure its defects such that a claim for relief could be stated, it is appropriate to dismiss the complaint with prejudice. *General Guaranty Ins. Co. v. Parkerson*, 369 F.2d 821 (5th Cir. 1966).

**B.**     **The Plaintiff Failed to Timely Service the Defendants Pursuant to F.R.C.P. 4(m)**

F.R.C.P. 4(m) states:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) , 4(h)(2) , or 4(j)(1) , or to service of a notice under Rule 71.1(d)(3)(A).

F.R.C.P. 15(c).

The Defendants were first named as parties in the SAC which was filed on August 13, 2025. As a consequence, the Defendants could not have been served within the 90-day period set forth

8

4922-2751-4715.1

under F.R.C.P. 4(m) and the claims against the Defendants in the SAC must be dismissed under F.R.C.P. 4(m) unless the Plaintiff can should good cause for failing to timely name and serve the Defendants. Thus far, there is no evidence the Plaintiff can demonstrate good cause exists to enlarge the time limits set forth in § F.R.C.P. 15(c).

### C. The Plaintiff's Claims Against Defendants are Untimely

The SAC alleges claims under 11 U.S.C. §§544, 547, 548, 550, 551, and California Civil Code §§3439.04(a)(1), 3439.05 and 3439.07. Actions under 11 U.S.C. § 544, 547 and 548 must be commenced within two years after the order for relief. 11 U.S.C. § 546(a)(1)(A). Claims under 11 U.S.C. § 548 for actual or constructive fraudulent transfers must be commenced within two years after the order for relief. 11 U.S.C. § 548(a)(1). State law fraudulent transfer claims brought under 11 U.S.C. § 544(b) must be brought within the same two year period, but have the ability to reach back four years from the petition date pursuant to California Civil Code Sec. 3439.09(a).

Here, the Defendants were not added as parties to the instant adversary until August 13, 2025. *See* Exhibits 2, 3 and 8. And although the Defendants, through their counsel, executed a stipulation with the Plaintiff that was filed on August 7, 2025, the docket and judicially noticeable pleadings in the adversary proceeding demonstrate the Defendants were not parties to the adversary proceeding until, at the earliest, August 7, 2025.

An entity's state of incorporation is a material factor required to identify and bring suit against that entity. 28 U.S.C. Sec. 1332(c)(1). Thus, naming the Defendants incorrectly in the complaint is naming an entity different than the Defendants and deprives them of sufficient notice required under the F.R.B.P. 7004. *In Re Braden* (Bankr. E.D. Ark. 1992) 142 B.R. 317, 319; *See Also In re Forester, Case No.: 6:10-bk-16163-WJ (Bankr. C.D. Cal. Feb 10, 2021)* Footnote 1. Accordingly, the Plaintiff did not name the Defendants as parties before the deadline set forth under §546(a) and all claims relating to §§544, 547 and 548 are time-barred.

#### a. The Relation Back Doctrine Does Not Save the Untimely Claims

The Plaintiff may argue the Defendants were named, albeit erroneously, by incorrectly stating the state of incorporation for each of the Defendants and the correction of the Defendants'

9

4922-2751-4715.1

name is nothing more than a ministerial act because it relates back to the initial filing. The Plaintiff's amendment, however, does not sufficiently relate back to the initial filing.

F.R.C.P. 15 governs the amendment of pleadings. Rule 15(a) states that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." F.R.C.P. 15(a). The factors considered in determining whether a motion for leave to amend should be granted are undue delay, bad faith, prejudice to the opposing party, whether the party has previously amended his pleadings, and futility of amendment. *Bonin v. Calderon*, 59 F.3d 815 (9th Cir.1995), cert. denied, 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). *Brink v. First Credit Resources*, 57 F.Supp.2d 848 (D. Ariz. 1999).

Here, the Plaintiff amended the FAC when he filed the SAC. The amendment of the FAC was with the consent of most of the defendants, including the Defendants, even though the Defendants were not yet parties to the adversary proceeding. The Defendants, however, retained their rights to file a responsive pleading under F.R.C.P. 12(b)(6) and assert all appropriate affirmative defenses. Thus, the filing of the SAC and the execution of the FAC Amendment Stipulation are not bars to relief under F.R.C.P. 12(b)(6). And because the Plaintiff added the Defendants well after the deadline set forth in § 546(a), the Plaintiff must show the amendment relates back to the original Complaint.

Under Federal Rule of Civil Procedure 15, as incorporated by Federal Rule of Bankruptcy Procedure 7015(c), an amendment adding a new defendant relates back to the original complaint only if:

    (A) The law that provides the applicable statute of limitations allows relation back;

    (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

    (C) Within the limitations period, the new defendant:

          (i) received such notice that it will not be prejudiced in defending on the merits; and

          (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

F.R.C.P. 15(c)(1).

Section 546(a) has been found to relate back for purposes of F.R.C.P. 15(c)(1). *In re Greater Se. Cmty. Hosp. Corp. I*, 341 B.R. 91, 97 (Bankr. D.D.C. 2006), order amended on reconsideration sub nom. *In re Greater Se. Cmty. Hosp. Corp.*, No. 02-02250, 2006 WL 2083500 (Bankr. D.D.C. June 26, 2006).

The claims in the Complaint, FAC and SAC all relate to the same conduct that form the basis of the claims against the erroneously named defendants and the Defendants. This is not in dispute.

The Plaintiff's naming of the Defendants, which are separate and distinct legal entities from the erroneously named defendants and, therefore, are new defendants, was after the limitations period and bars the claims of the Plaintiff against the Defendants. FRCP 15(c) is written in the conjunctive and the Plaintiff must demonstrate the existence of all three elements before an amendment adding new defendant may relate back to the original complaint. The SAC demonstrates that the Defendants were added as parties to the adversary proceeding months after the §546(a) deadline. As a consequence, the amendment to the SAC adding the Defendants after the statute of limitations deadline is fatal to the claims against the Defendants alleged in the SAC.

Further, the Plaintiff cannot satisfy the notice requirements of Rule 15(c)(1)(C). The record establishes that Defendants first received notice of this proceeding when their counsel signed a stipulation or, alternatively, when the Complaint and/or FAC was served on the Defendants containing the names of incorrect entity names. Although Ventura allegedly received a copy of the summons and Complaint, it was not properly named until August 13, 2025. Lexicon was not served with any pleading in this proceeding until its counsel agreed to accept service of process on August 7, 2025. U.P. was not served through its agent for service of process and was only properly served when its counsel agreed to accept service of process on August 7, 2025. Thus, notice of the

Plaintiff's claims against the Defendants was received well after the expiration of the statute of limitation set forth under §546(a).

Where a mistake is made as to a party's identity, "the only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).

The Defendants were not parties to the litigation until August 2025. The Defendants were not represented by their counsel in this proceeding before the expiration of the deadline to file claims under §546(a). *See* Exhibit 8 to the RJN. Assuming the Defendants properly served the Defendants with the Complaint, or perhaps, the FAC, the Defendants received notice of the claims against entities with similar names to the Defendants' names no earlier than April 2025. Because the Complaint and/or FAC were not served until after March 20, 2025, the Defendants did not have notice of the claims until after the expiration of the 2-year deadline for bringing claims for relief under §§547 and 548. There is no evidence the Defendants knew or should have known the Plaintiff was pursuing claims against them until the Plaintiff elected to amend the FAC to add the Defendants in the SAC.

### D.    Equitable Tolling Is Not Applicable

The United States Supreme Court has recognized that equitable tolling may apply in "rare and exceptional circumstances." *Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130.* Equitable tolling requires both:

>   (1) that [the party] has been pursuing his rights diligently, and
>
>   (2) that some extraordinary circumstance stood in [the party's] way and prevented timely   filing.

The Plaintiff has not alleged that he has been pursuing his rights diligently or that any extraordinary circumstances exist that would justify equitable tolling. The SAC simply adds the Defendants as parties without explanation or excuse. As a result, there is no allegation in the SAC to support equitable tolling and the Court should reject any request of the Plaintiff to allow equitable tolling of the 2-year deadline under §546(a).

4922-2751-4715.1

## IV. CONCLUSION

Based upon the foregoing, Defendants request that the claims against the Defendants in the SAC be dismissed with prejudice as to Defendants.

Dated: August 7, 2025                                         GOLDEN GOODRICH LLP

                                                              By: */s/ David M. Goodrich*
                                                                  David M. Goodrich
                                                                  Anerio V. Altman
                                                                  Attorneys for Defendants

13

4922-2751-4715.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE AS TO CERTAIN DEFENDANTS FOR FAILURE TO CORRECTLY NAME DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com
Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Tyler Powell    tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **August 18, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 18, 2025 | David M. Fitzgerald | /s/ David M. Fitzgerald |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE
0.0