**GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Anerio V. Altman, State Bar No. 228445
aaltman@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone:  714-966-1000
Facsimile:  714-966-1002

Attorneys for Certain Defendants

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor.<br>_____<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Oxford Knox, LLC, a Delaware limited liability company; Buffalo 21 Partners, Inc., a Wyoming corporation; Jason Dovalina, individually, Rachel Dovalina, individually; Syed Faisal Gilani aka Sye Gilani, Individually; BAE Enterprises, Inc., a Wyoming corporation; Samson Ly, individually; BEW Solar Management, LLC, a California limited liability company; Lexicon Consulting, LLC, a Colorado limited liability company; United Partnerships, LLC, a Florida limited liability company; Ventura Consulting, LLC, a Nevada limited liability company; Matthew Church, individually, Frank Brown, individually; Validation, LLC, a terminated California limited liability company; Spectrum Payment Solutions, LLC, a California limited liability company; Home Energy Solutions, Inc., a California corporation; JNR Services, Inc., a California corporation; C.A.T. Exteriors, Inc., an Arizona | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br>Adv No. 8:25-ap-01208-SC<br><br>**DEFENDANTS LEXICON CONSULTING, LLC, UNITED PARTNERSHIPS, LLC AND VENTURA CONSULTING, LLC'S ANSWER TO TRUSTEE'S SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFERS MADE TO OR FOR CERTAIN DEFENDANTS MADE WITHIN NINETY DAYS OF THE PETITION DATE;**<br>**(2) AVOIDANCE, RECOVERY, AND PRESERVATION OF POST-PETITION TRANSFERS MADE TO OR FOR THE BENEFIT OF CERTAIN DEFENDANTS;**<br>**(3) AVOIDANCE OF DEBTOR'S EXECUTION OF REPAYMENT AGREEMENT WITH DEFENDANT OXFORD KNOX, LLC PURSUANT TO 11 U.S.C. §§ 548(a), 550, AND 551;**<br>**(4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER(S) PURSUANT TO 11 U.S.C. §§ 548(a), 550, AND 551;**<br>**(5) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER(S) PURSUANT TO 11 U.S.C. §§ 548(a), 550, AND 551;** |

1

corporation; and INVESTLINE Wealth Services, Inc., a California corporation,

Defendants.

**(6) AVOIDANCE, PRESERVATION, AND RECOVERY OF VOIDABLE TRANSFERS MADE WITH INTENT TO DEFRAUD [11 U.S.C. §§ 548. (a), 550, AND 551; CAL. CIV. CODE §§3439.04(a)(1) AND 3439.07]**

**(7) AVOIDANCE, PRESERVATION, AND RECOVERY OF VOIDABLE TRANSFERS MADE WITH NO INTENT TO DEFRAUD [11 U.S.C. §§ 548(a), 550, AND 551; CAL. CIV. CODE§§ 3439.04(a)(2), 3439.05, AND 3439.07]**

**(8) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS MADE TO OR FOR THE BENEFIT OF DEFENDANTS GILANI AND DOVALINA ARISING FROM USE OF AMERICAN EXPRESS CARD; and**

**(9) OBJECTION TO PROOF OF CLAIM NO 818 OF OXFORD KNOX, LLC**

Honorable Scott C. Clarkson
Dept. 5C

Defendants Lexicon Consulting, LLC, a Colorado limited liability company, United Partnerships, LLC, a Florida limited liability company, and Ventura Consulting, LLC, a Nevada limited liability company (collectively "Defendants") hereby file this joint answer to the *Trustee's Second Amended Complaint for (1) Avoidance Preservation Of Preferential, Recovery, And Transfers Made to or for Certain Defendants Made Within Ninety Days of the Petition Date;(2) Avoidance, Recovery, and Preservation of Post-Petition Transfers Made to or for the Benefit Of Certain Defendants;(3) Avoidance of Debtor's Execution of Repayment Agreement with Defendant Oxford Knox, LLC Pursuant To 11 U.S.C. §§ 548(a), 550, and 551;(4) Avoidance, Recovery, And Preservation Of Fraudulent Transfer(S) Pursuant To 11 U.S.C. §§ 548(a), 550, and 551;(5) Avoidance, Recovery, and Preservation Of Fraudulent Transfer(s) Pursuant To 11 U.S.C. §§ 548(a), 550, and 551;(6) Avoidance Voidable, Preservation, and Recovery of Transfers Made With Intent To Defraud [11 U.S.C. §§ 548 (a), 550, and 551; Cal. Civ. Code §§ 3439.04(a)(2), and 3439.07]; ((7)Avoidance, Preservation, and Recovery of Voidable Transfers Made With No Intent to Defraud [11 U.S.C. §§ 548(a), 550, and 551; Cal. Civ. Code§§ 3439.04(A)(2), 3439.05, And 3439.07]; (8) Avoidance, Recovery, and Preservation of Fraudulent Transfers Made to or for the Benefit of Defendants Gilani and Dovalina Arising From Use of American Express Card; and (9) Objection To Proof Of Claim No 818 of Oxford Knox, LLC (*the

#61285431v2

"Second Amended Complaint") of Plaintiff  Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff"), as follows:

## ANSWERS AND DENIALS

1.      Answering the allegations of paragraph 1, Defendants admit the allegations set forth therein.

2.      Answering the allegations of paragraph 2, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

3.      In response to Paragraph 3, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, the Defendants admit the allegations in Paragraph 3.

4.      In response to Paragraph 4, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, the Defendants admit the allegations in Paragraph 4.

5.      Answering the allegations of paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

6.      Answering the allegations of paragraph 6, Defendants admit the allegations contained therein.

7.      Answering the allegations of paragraph 7, Defendants admit the allegations contained therein.

8.      Answering the allegations of paragraph 8, Defendants admit the allegations contained therein.

9.      Answering the allegations of paragraph 9, Defendants admit the allegations contained therein.

10.      Answering the allegations of paragraph 10, Defendants admit the allegations contained therein.

#61285431v2

11.     Answering the allegations of paragraph 11, Defendants admit the allegations contained therein.

12.     Answering the allegations of paragraph 12, Defendants admit the allegations contained therein.

13.     Answering the allegations of paragraph 13, Defendants admit the allegations contained therein.

14.     Answering the allegations of paragraph 14, Defendants admit the allegations contained therein.

15.     Answering the allegations of paragraph 15, Defendants admit the allegations contained therein.

16.     Answering the allegations of paragraph 16, Defendants admit the allegations contained therein.

17.     Answering the allegations of paragraph 17, Defendants admit the allegations contained therein.

18.     Answering the allegations of paragraph 18, Defendants admit the allegations contained therein.

19.     Answering the allegations of paragraph 19, Defendants admit the allegations contained therein.

20.     Answering the allegations of paragraph 20, Defendants admit the allegations contained therein.

21.     Answering the allegations of paragraph 21, Defendants admit the allegations contained therein.

22.     Answering the allegations of paragraph 22, Defendants admit the allegations contained therein.

23.     Answering the allegations of paragraph 23, Defendants admit the allegations contained therein.

24.     Answering the allegations of paragraph 24, Defendants admit the allegations contained therein.

#61285431v2

25.     Answering the allegations of paragraph 25, Defendants admit the allegations contained therein.

26.     Answering the allegations of paragraph 26, Defendants admit the allegations contained therein.

27.     Answering the allegations of paragraph 27, Defendants admit the allegations contained therein.

28.     Answering the allegations of paragraph 28, Defendants admit the allegations contained therein.

29.     Answering the allegations of paragraph 29, Defendants admit the allegations contained therein.

30.     Answering the allegations of paragraph 30, Defendants admit the allegations contained therein.

31.     Answering the allegations of paragraph 31, Defendants admit the allegations contained therein.

32.     Answering the allegations of paragraph 32, Defendants admit the allegations contained therein.

33.     Answering the allegations of paragraph 33, Defendants admit the allegations contained therein.

34.     Answering the allegations of paragraph 34, Defendants admit the allegations contained therein.

35.     Answering the allegations of paragraph 35, Defendants admit the allegations contained therein.

36.     Answering the allegations of paragraph 36, Defendants admit the allegations contained therein.

37.     Answering the allegations of paragraph 37, Defendants admit the allegations contained therein.

38.     Answering the allegations of paragraph 38, Defendants admit the allegations contained therein.

#61285431v2

39.     Answering the allegations of paragraph 39, Defendants admit the allegations contained therein.

40.     Answering the allegations of paragraph 40, Defendants admit the allegations contained therein.

41.     Answering the allegations of paragraph 41, Defendants admit the allegations contained therein.

42.     Answering the allegations of paragraph 42, Defendants admit the allegations contained therein.

43.     Answering the allegations of paragraph 43, Defendants admit the allegations contained therein.

44.     Answering the allegations of paragraph 44, Defendants admit the allegations contained therein.

45.     Answering the allegations of paragraph 45, Defendants admit the allegations contained therein.

46.     In response to Paragraph 46, Defendants state that such paragraph contains a definition of "Parties" to which no response is required.  To the extent a response is required, the Defendants admit the allegations in Paragraph 46.

47.     Answer the allegations of paragraph 47, Defendants admit the allegations contained therein.

48.     Answer the allegations of paragraph 48, Defendants admit the allegations contained therein.

49.     Answer the allegations of paragraph 49, Defendants admit the allegations contained therein.

50.     Answering the allegations of paragraph 50, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

51.     Answer the allegations of paragraph 51, Defendants admit the allegations contained therein.

#61285431v2

52.     Answering the allegations of paragraph 52, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

53.     Answer the allegations of paragraph 53, Defendants admit the allegations contained therein.

54.     Answer the allegations of paragraph 54, Defendants admit the allegations contained therein.

55.     Answer the allegations of paragraph 55, Defendants admit the allegations contained therein.

56.     Answering the allegations of paragraph 56, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

57.     Answering the allegations of paragraph 57, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

58.     Answering the allegations of paragraph 58, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

59.     Answering the allegations of paragraph 59, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

60.     Answering the allegations of paragraph 60, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

61.     Answering the allegations of paragraph 61, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

62.    Answering the allegations of paragraph 62, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

63.    Answering the allegations of paragraph 63, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

64.    Answering the allegations of paragraph 64, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

65.    Answering the allegations of paragraph 65, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

66.    Answering the allegations of paragraph 66, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

67.    In response to Paragraph 67, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

68.    In response to Paragraph 68, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

69.    In response to Paragraph 69, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

70.     Answering the allegations of paragraph 70, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

71.     In response to Paragraph 71, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

72.     In response to Paragraph 72, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

73.     Answering the allegations of paragraph 73, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

74.     Answering the allegations of paragraph 74, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

75.     Answering the allegations of paragraph 75, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

76.     Answering the allegations of paragraph 76, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

77.     Answering the allegations of paragraph 77, Defendants admit the allegations contained therein.

78.     Answering the allegations of paragraph 78, Defendants admit the allegations contained therein.

#61285431v2

79.     Answering the allegations of paragraph 79, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

80.     Answering the allegations of paragraph 80, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

81.     Answering the allegations of paragraph 81, Defendants admit the allegations contained therein.

82.     Answering the allegations of paragraph 82, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

83.     In response to Paragraph 83, Defendants state that such paragraph contains statements or conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

84.     Answering the allegations of paragraph 84, Defendants admit that the Debtor was not able to repay some of the amounts owed to Defendants, but deny the remaining allegations contained therein.

85.     Answering the allegations of paragraph 85, Defendants admit the certain Defendants lent money to an entity connected to Tony Diab and that approximately $1,000,000 was paid into an escrow account to fund a down payment of Tony Diab's purchase of Arah's Bayrooti's shares in Coast, but the Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted and therefore deny the remaining allegations.

86.     Answering the allegations of paragraph 86, Defendants admit that some payments were made to partners of Oxford Knox, but the Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted and therefore deny the remaining allegations.

#61285431v2

87.    Answering the allegations of paragraph 87, Defendants (1) deny Validation was formed in 2021, and that Validation's true purposes and goal was the repayment of amounts to its members by the Debtor or Mr. Diab, (2) admit that some of the members of Validation are Defendants, and (3) are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted and therefore deny the remaining allegations.

88.    Answering the allegations of paragraph 88, Defendants (1) admit Validation was dissolved in 2022, (2) deny that the Debtor "paid" money to Validation (the Debtor served as a conduit of payment from third-parties to Validation), and (3) are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted and therefore deny the remaining allegations.

89.    Answering the allegations of paragraph 89, Defendants deny the allegations contained therein.

90.    Answering the allegations of paragraph 90, Defendants admit the allegations contained therein.

91.    Answering the allegations of paragraph 91, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

92.    Answering the allegations of paragraph 92, Defendants deny the allegations contained therein.

93.    Answering the allegations of paragraph 93, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

94.    Answering the allegations of paragraph 94, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

95.    Answering the allegations of paragraph 95, Defendants (1) admit certain Defendants entered into a repayment agreement for $12,000,000 with the Debtor, with a $10,000,000 balance increase upon the occurrence of certain events, (2) deny that Mr. Diab owned directly or partially an

interest in Oxford Knox, and (3) without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted and therefore deny the remaining allegations.

96.    Answering the allegations of paragraph 96, Defendants admit Proof of Claim No. 818 is based the Repayment Agreement, as that term is defined in the Second Amended Complaint, but only in part, and denies the remainder of the remaining allegations.

97.    Answering the allegations of paragraph 97, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

98.    In response to Paragraph 98, Defendants state that such paragraph contains a definition of "Transfers" to which no response is required.  To the extent a response is required, the Defendants admit the allegations in Paragraph 98.

99.    In response to Paragraph 99, no allegations of fact are found.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

100.    Paragraph 100 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

101.    In response to Paragraph 101, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

102.    In response to Paragraph 102, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

103.    In response to Paragraph 103, Plaintiff's allegations relating to a definition allegedly found in § 547(b)(1) is a statement or conclusion of law to which no response is required. In response to the remaining allegations in Paragraph 103, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

104.    In response to Paragraph 104, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

105.    In response to Paragraph 105, Plaintiff's allegations relating to a definition of debt, allegedly found in the Bankruptcy Code, is a statement or conclusion of law to which no response is required. In response to the remaining allegations in Paragraph 105, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

106.    In response to Paragraph 106, Plaintiff's allegations relating to a presumption allegedly found in § 547(f) is a statement or conclusion of law to which no response is required. In response to the remaining allegations in Paragraph 106, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

107.    In response to Paragraph 107, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

108.    Paragraph 108 alleges the Plaintiff's "reservation of rights under §§ 547 and 550" and require no response.   To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

109.    In response to Paragraph 109, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

110.    Answering the allegations contained in Paragraph 110, Defendants deny each and every allegation set forth therein.

111.    Paragraph 111 contains no new allegations and therefor this incorporating allegation is admitted and denied as provided in the incorporated allegations.

13

112.   In response to Paragraph 112, Defendants admit the Second Amended Complaint contains allegations under §§ 549 and 550.  To the extent the allegations in Paragraph 112 allege payments received a recoverable, Defendants deny such allegations.

113.   Paragraph 113 alleges the Plaintiff's "reservation of rights under §§ 549 and 550" and require no response.   To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations

114.   In response to Paragraph 114, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

115.   Paragraph 115 contains no new allegations and therefore this incorporating allegation is admitted and denied as provided in the incorporated allegations.

116.   In response to Paragraph 116, Plaintiff's allegations relating to § 548(a)(1)(B) is a statement or conclusion of law to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

117.   Answering the allegations of paragraph 117, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

118.   Answering the allegations of paragraph 118, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

119.   Answering the allegations of paragraph 119, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

120.   Answering the allegations of paragraph 120, Defendants deny each and every allegations set forth therein.

#61285431v2

121.    Answering the allegations of paragraph 121, Defendants deny each and every allegation set forth therein.

122.    Paragraph 122 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

123.    Answering the allegations of paragraph 123, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

124.    Answering the allegations of paragraph 124, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

125.    Answering the allegations of paragraph 125, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

126.    Answering the allegations of paragraph 126, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

127.    Answering the allegations of paragraph 127, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

128.    Answering the allegations of paragraph 128, Defendants deny each and every allegation set forth therein.

129.    Paragraph 129 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

130.    Answering the allegations of paragraph 130, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

131.    Answering the allegations of paragraph 131, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

132.    Answering the allegations of paragraph 132, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

133.    Answering the allegations of paragraph 133, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

134.    Answering the allegations of paragraph 134, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

135.    Answering the allegations of paragraph 135, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

136.    Answering the allegations of paragraph 136, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

137.    Answering the allegations of paragraph 137, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

138.    Answering the allegations of paragraph 138, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations. .

139.    Answering the allegations of paragraph 139, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

140.    Answering the allegations of paragraph 140, Defendants deny each and every allegation set forth therein.

141.    Paragraph 141 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

142.    In response to Paragraph 142, Plaintiff's allegations relating to § 544(b)(1), California Civil Code §§ 3439.04(a)(1) and 3439.05, are statements or conclusions of law to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

143.    Answering the allegations of paragraph 143, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

144.    Answering the allegations of paragraph 144, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

145.    Answering the allegations of paragraph 145, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

146.    Answering the allegations of paragraph 146, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

147.    Answering the allegations of paragraph 147, Defendants deny each and every allegation set forth therein.

148.    Answering the allegations of paragraph 148, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

149.    Answering the allegations of paragraph 149, Defendants deny each and every allegation set forth therein.

17

150.    Answering the allegations of paragraph 150, Defendants deny each and every allegation set forth therein.

151.    Answering the allegations of paragraph 151, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

152.    Answering the allegations of paragraph 152, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

153.    Answering the allegations of paragraph 153, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

154.    Answering the allegations of paragraph 154, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

155.    Answering the allegations of paragraph 155, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

156.    Answering the allegations of paragraph 156, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

157.    Answering the allegations of paragraph 157, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

158.    Answering the allegations of paragraph 158, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

159.    Answering the allegations of paragraph 159, Defendants deny each and every allegation set forth therein.

#61285431v2

160.    Answering the allegations of paragraph 160, Defendants deny each and every allegation set forth therein.

161.    Paragraph 161 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

162.    In response to Paragraph 162, Plaintiff's allegations relating to § 544(b)(1), California Civil Code §§ 3439.04(a)(2) and 3439.05, are statements or conclusions of law to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

163.    Answering the allegations of paragraph 163, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

164.    Answering the allegations of paragraph 164, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

165.    Answering the allegations of paragraph 165, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

166.    Answering the allegations of paragraph 166, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

167.    Answering the allegations of paragraph 167, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

168.    Answering the allegations of paragraph 168, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

169.    Answering the allegations of paragraph 169, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations

170.    Answering the allegations of paragraph 170, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

171.    Answering the allegations of paragraph 171, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

172.    Answering the allegations of paragraph 172, Defendants deny each and every allegation set forth therein.

173.    Answering the allegations of paragraph 173, Defendants deny each and every allegation set forth therein.

174.    Paragraph 174 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

175.    Answering the allegations of paragraph 175, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

176.    Answering the allegations of paragraph 176, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

177.    Answering the allegations of paragraph 177, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

178.    Answering the allegations of paragraph 178, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

#61285431v2

179.    Answering the allegations of paragraph 179, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

180.    Answering the allegations of paragraph 180, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

181.    Answering the allegations of paragraph 181, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

182.    Answering the allegations of paragraph 182, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

183.    Answering the allegations of paragraph 183, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

184.    Answering the allegations of paragraph 184, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

185.    Answering the allegations of paragraph 185, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

186.    Answering the allegations of paragraph 186, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

187.    Answering the allegations of paragraph 187, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations

#61285431v2

188.    Answering the allegations of paragraph 188, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

189.    Answering the allegations of paragraph 189, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

190.    Answering the allegations of paragraph 190, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

191.    Answering the allegations of paragraph 191, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

192.    Answering the allegations of paragraph 192, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

193.    Answering the allegations of paragraph 193, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

194.    Answering the allegations of paragraph 194, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted and therefore deny the allegations.

195.    Answering the allegations of paragraph 195, Defendants deny each and every allegation set forth therein.

196.    Paragraph 196 contains no new allegations and therefore this incorporating alleges is admitted and denied as provided in the incorporated allegations.

197.    In response to Paragraph 197, Plaintiff's allegations relating to § 502(b) is a statement or conclusion of law to which no response is required. To the extent a response is required,

1   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

2   allegations asserted and therefore deny the allegations.

3        198.   Answering the allegations of paragraph 198, Defendants admit that the Trustee has

4   asked the Court to avoid the Debtor's execution of the Repayment Agreement as a fraudulent

5   conveyance pursuant to 11 U.S.C. § 548, but denies the allegation that the Repayment Agreement is

6   the sole basis for Oxford Knox's claim.

7        199.   Answering the allegations of paragraph 199, Defendants deny each and every

8   allegation set forth therein.

9        200.   Answering the allegations of paragraph 200, Defendants are without sufficient

10  knowledge or information to form a belief as to the truth of the allegations asserted and therefore

11  deny the allegations.

12       201.   Answering the allegations of paragraph 201, Defendants are without sufficient

13  knowledge or information to form a belief as to the truth of the allegations asserted and therefore

14  deny the allegations.

15                              **AFFIRMATIVE DEFENSES**

16       Defendants further plead the following separate and additional affirmative defenses. By

17  pleading these defenses, Defendants do not in any way agree or concede that Defendants have the

18  burden of proof or persuasion on any of these issues. Defendants reserve the right to assert such

19  additional affirmative defenses as discovery or subsequent events in this case indicate are proper.

20                            **FIRST AFFIRMATIVE DEFENSE**

21                              (Failure to State a Claim for Relief)

22       The Second Amended Complaint fails to state a claim upon which relief can be granted

23  pursuant to F.R.C.P. 12(b)(6), as incorporated by F.R.B.P. 7012.

24                           **SECOND AFFIRMATIVE DEFENSE**

25                                   (Statute of Limitations)

26       The Plaintiff's claims are barred by the applicable statutes of limitation set forth in 11 U.S.C.

27  § 546 and California Civil Code § 3439.09.

28

#61285431v2

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff is barred, in whole or in part, from recovering damages in this action due to Plaintiff's failure to mitigate his alleged damages, though Defendants deny that Plaintiff has sustained any damages at all. Plaintiff failed to take reasonable steps to mitigate and/or or avoid Plaintiff's alleged damages, if any, (of which the Plaintiff steps into the shoes of the Debtor) and or delayed unreasonably in doing so. Had Plaintiff timely and diligently taken reasonable steps to mitigate and/or avoid Plaintiff's alleged damages, and not exacerbated his damages, if any, such damages would have been reduced or eliminated altogether.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver/Release)

Plaintiff is barred, in whole or in part, from recovering damages in this action because he has waived or released the right, if any, to pursue those claims by reason of Plaintiff's own actions and course of conduct.

### FIFTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiff is barred, in whole or in part, from recovering damages in this action because Plaintiff has not suffered any damages as a result of any act or omission of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Conduct/Comparative Fault)

Plaintiff is barred, in whole or in part, from recovering damages in this action to the extent any of the alleged wrongs, or the acts or omissions, were by, or were the result of, Plaintiff's own conduct and, as a consequence, the Plaintiff contributed to any damage he claims he sustained.

### SEVENTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

Plaintiff is barred, in whole or in part, from recovering damages in this action because the losses that Plaintiff allegedly suffered were not proximately caused by any act or omission by Defendants.

#61285431v2

## EIGHTH AFFIRMATIVE DEFENSE

### (Defendants Acted Reasonably)

Plaintiff is barred, in whole or in part, from recovering damages in this action because Defendants acted reasonably under the circumstances applicable, and in addition acted without committing a fraud or defalcation and without acting in a manner that willfully or maliciously caused injury to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred, in whole or in part, from recovering damages in this action by the doctrine of unclean hands, due to the acts, omissions, and/or knowledge of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred, in whole or in part, from recovering damages in this action by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Quantum Meruit)

Plaintiff is barred, in whole or in part, from recovering damages in this action because Plaintiff specifically asked for the services from Defendants and received the benefit of those services from Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

The wrongful acts of the Debtor, which can be imputed to the Plaintiff, prevents the Plaintiff from recovering from the Defendants under the doctrine of *in pari delicto*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contemporaneous Exchange for New Value)

Defendants provided value at the same time or almost at the same time as they received the transfers alleged in the Second Amended Complaint.

#61285431v2

### FOURTEENTH AFFIRMATIVE DEFENSE

(Subsequent New Value)

Defendants allege that they subsequently provided new value to the debtor after receiving the alleged transfers pursuant to 11 U.S.C. § 547(c)(4).

### FIFTEENTH AFFIRMATIVE DEFENSE

(Ordinary Course)

Defendants assert that transfers they received were made in the ordinary course of business of the Debtor and the Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Good Faith/For Value)

Defendants assert they took funds from the Debtor in good faith and for reasonably equivalent value for the benefits they provided.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Insolvency)

Defendants assert that the Debtor was not insolvent at the time of the transfers, did not lack sufficient capital, did not intend to incur debts beyond its ability to pay, and, as a consequence, the alleged transfers cannot be avoided as preferential and/or fraudulent transfers.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Intent to Hinder, Delay, or Defraud)

Defendants assert that (1) the Debtor and the transferee lacked the intent to hinder, delay, and/or defraud creditors of the Debtor, and (2) the alleged transfers were made for legitimate business purposes.

### NINETEENTH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

Defendants assert that to the extent any of the alleged transfers are subject to avoidance, the Defendant or Defendants are entitled to setoff and recoupment for amounts owed by the Debtor to the Defendant or Defendants, which amounts equal or exceed any of the alleged transfers received.

#61285431v2

### TWENTIETH AFFIRMATIVE DEFENSE

(Money Had and Received)

Defendants assert that the Defendants holds valid claims against the Debtor, its estate and the liquidating trust, based upon the common count of money had and received.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Open Book Account)

Defendants assert that the Defendants holds valid claims against the Debtor, its estate and the liquidating trust, based upon the common count of open book account.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Account Stated)

Defendants assert that the Defendants holds valid claims against the Debtor, its estate and the liquidating trust, based upon the common count of account stated.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Money Loaned)

Defendants assert that the Defendants holds valid claims against the Debtor, its estate and the liquidating trust, based upon the common count of money loaned.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Quantum Valebant/Quantum Meruit)

Plaintiff is barred, in whole or in part, from recovering damages in this action because Plaintiff received goods and services from Defendants and received the benefit of those goods services from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

A.    That the Second Amended Complaint be dismissed with prejudice and in its entirety;

B.    That Plaintiff take nothing by reason of his Second Amended Complaint and that judgment be entered against Plaintiff and in Defendants' favor;

C.    That Defendants be awarded the costs incurred in defending this action, together with any legal fees to which Defendants might be entitled to by law; and

27

#61285431v2

1          D.    That Defendants be granted such further and additional relief as the Court may deem

2 just and proper.

3 Dated:  September 30, 2025                   GOLDEN GOODRICH LLP

4

5                           By:   /s/ David M. Goodrich

6                                David M. Goodrich
                               Anerio V. Altman

7                                Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#61285431v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):   **DEFENDANTS LEXICON CONSULTING LLC, UNITED PARTNERSHIPS, LLC AND VENTURA CONSULTING, LLC'S ANSWER TO TRUSTEE'S SECOND AMENDED COMPLAINT FOR (1) AVOIDANCE PRESERVATION OF PREFERENTIAL, RECOVERY, AND TRANSFERS MADE TO OR FOR CERTAIN DEFENDANTS MADE WITHIN NINETY DAYS OF THE PETITION DATE;(2) AVOIDANCE, RECOVERY, AND PRESERVATION OF POST-PETITION TRANSFERS MADE TO OR FOR THE BENEFIT OF CERTAIN DEFENDANTS;(3) AVOIDANCE OF DEBTOR'S EXECUTION OF REPAYMENT AGREEMENT WITH DEFENDANT OXFORD KNOX, LLC PURSUANT TO 11 U.S.C. §§ 548(a), 550, AND 551;(4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER(S) PURSUANT TO 11 U.S.C. §§ 548(a), 550,AND 551;(5) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER(S) PURSUANT TO 11 U.S.C. §§ 548(a), 550, AND 551;(6) AVOIDANCE VOIDABLE, PRESERVATION, AND RECOVERY OF TRANSFERS MADE WITH INTENT TO DEFRAUD [11 U.S.C. §§ 548 (a), 550, AND 551; CAL. CIV. CODE §§ 3439.04(a)(2), AND 3439.07]; ((7)AVOIDANCE, PRESERVATION, AND RECOVERY OF VOIDABLE TRANSFERS MADE WITH NO INTENT TO DEFRAUD [11 U.S.C. §§  548(a), 550, AND 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; (8) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS MADE TO OR FOR THE BENEFIT OF DEFENDANTS GILANI AND DOVALINA ARISING FROM USE OF AMERICAN EXPRESS CARD; AND (9) OBJECTION TO PROOF OF CLAIM NO 818 OF OXFORD KNOX, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 30, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 ☒ Service information continued on attached page

2.   **SERVED BY UNITED STATES MAIL**:
On (*date*) **September 30, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

 ☒ Service information continued on attached page

3.   **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**   Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2025 | David M. Fitzgerald | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**
0.0

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com
David M Goodrich    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Tyler Powell    tyler.powell@dinsmore.com, lydia.tharp@dinsmore.com;wendy.yones@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**SERVED BY UNITED STATES MAIL**:
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA  92701-4593